# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD L. COLEMAN,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-00127-JAD-CWH

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

    The petition in the instant action challenges petitioner's state conviction for first degree murder and first degree kidnaping in the Second Judicial District Court for the State of Nevada (Case No. CR 90-638). Petitioner previously challenged the same convictions in this Court, in a federal habeas petition filed under case number 2:07-cv-00881-RCJ-GWF. The petition in case number 2:07-cv-00881-RCJ-GWF, which raised the same issues asserted in the instant petition, was dismissed as untimely by order filed February 4, 2011. (Doc. 54 in 2:07-cv-00881-RCJ-GWF). Judgment was entered that same date. (Doc. 55 in 2:07-cv-00881-RCJ-GWF). Petitioner appealed. By order filed January 23, 2012, the United States Court of Appeals for the Ninth Circuit denied petitioner's application for a certificate of appealability. (Doc. 60 in 2:07-cv-00881-RCJ-GWF).

Finally, on June 25, 2012, the United States Supreme Court denied petitioner's petition for a writ of certiorari. (Doc. 63 in 2:07-cv-00881-RCJ-GWF).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior petition shall be dismissed." In the prior habeas case in which petitioner challenged his convictions for first degree murder and kidnaping, this Court dismissed the petition with prejudice as untimely. (ECF No. 54 in 2:07-cv-00881-RCJ-GWF). Where a petition is dismissed with prejudice as untimely, the dismissal constitutes a disposition on the merits and renders a subsequent petition successive for purposes of 28 U.S.C. § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). The prior habeas corpus petition was dismissed with prejudice as untimely, and the instant habeas petition asserts the same claims as the prior petition. The instant petition is a successive petition, which requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeal to pursue. *See* 28 U.S.C. § 2244(b)(3) *et seq.* Petitioner has not presented this Court with proof that he has obtained leave to file a successive petition from the Ninth Circuit Court of Appeals. Therefore, the instant petition will be dismissed as successive.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at

484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as a successive petition.

**IT IS FURTHER ORDERED** that petitioner's application to proceed *in forma pauperis* (Doc. 1) and petitioner's motion for the appointment of counsel (Doc. 2) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly.

Dated:  May 12, 2014.

_____
UNITED STATES DISTRICT JUDGE